UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE EUGENE GOMES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID M. MATHIS, MD, et al.,<br><br>　　　　　Defendants. | Case No. CV 17-7022 SVW (SS)<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

Lawrence Eugene Gomes ("Plaintiff"), a California state prisoner proceeding pro se, has filed a complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim

upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff asserts claims of deliberate indifference to serious medical needs against the following defendants in their individual and official capacities: two state prison physicians, David M. Mathis and Mariana Lotersctain; J. Clark Kelso, federal court-appointed Receiver for the California prison medical health care system ("Receiver"); and the "SACCO/WICC Unit"[2] of the California Department of Corrections and Rehabilitation ("CDCR"). (Complaint at 3-9). Plaintiff alleges that the physicians, Dr. Mathis and Dr. Lotersctain, failed to provide adequate medical treatment for a variety of conditions and injuries. (Id. at 5-6). This includes alleged injuries caused when a corrections officer raped Plaintiff in an Arizona prison, where he was housed pursuant to the Western Interstate Corrections Compact. (See id.). Plaintiff also claims that the Receiver and the SACC/WICC Unit failed to intervene and help him when he was being raped in the Arizona facility. (Id. at

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[2] "SACCO" apparently refers to the Sacramento Control Office, and "WICC" stands for the "Western Interstate Corrections Compact."

2

7-8). From each defendant, Plaintiff seeks $100,000 in compensatory damages, $100,000 in punitive damages and $100,000 in "nominal damages," in addition to $100,000 for "past or future medical costs." (Id. at 9).

**III.**

**DISCUSSION**

Plaintiff's Complaint is defective because it contains improper defendants. To gain relief under section 1983, a plaintiff must plead that a "person" acting under color of state law violated his federal constitutional or statutory rights. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). State agencies and state officials are not considered "persons" under section 1983. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). A court-appointed receiver, on the other hand, can be sued in his official capacity for his acts in conducting the receivership, but he cannot be sued in his individual capacity for such acts. Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab., 585 F.3d 1211, 1213, 1219 (9th Cir. 2009).

Accordingly, Plaintiff cannot maintain his claims against the state prison physicians in their official capacities or the "SACCO/WICC Unit" of the CDCR. He also cannot sue the Receiver in his individual capacity. These defects warrant dismissal of the Complaint under 28 U.S.C. § 1915A(b). Because an amended pleading may cure these defects, the Court dismisses the Complaint with leave to amend. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.

3

2012) (a court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citation and internal quotation marks omitted).

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is DISMISSED with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order in which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of</u>**

4

**which is attached.** In any amended complaint, Plaintiff should clearly identify the nature of each separate legal claim, the Defendant or Defendants he believes are liable for each claim, and the facts showing what each Defendant did to cause Plaintiff harm. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: January 5, 2017

                                                    /S/
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**